**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50342 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01160-PSG |
| v. | MEMORANDUM[*] |
| KENNY BUKOLA ORIYOMI, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 29, 2011[**]
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Kenny Bukola Oriyomi appeals from his conviction of three counts of bank

fraud, three counts of money laundering, and one count of failure to file a tax

return. He contends that the district court erred in its evidentiary rulings and its

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

instructions to the jury.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

# I

Oriyomi asserts that the district court abused its discretion in permitting

cross-examination testimony regarding specific instances of conduct pursuant to

Rule 608(b) of the Federal Rules of Evidence because they were unfairly

prejudicial pursuant to Rule 403 of the Federal Rules of Evidence.  He further

asserts that the evidence created an inference of the existence of extrinsic evidence

not allowed under Rule 608(b).

This Court has adopted a two-part test to determine whether a district court

abused its discretion.  *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir.

2009) (en banc).

> [T]he first step of our abuse of discretion test is to
> determine de novo whether the trial court identified the
> correct legal rule to apply to the relief
> requested. . . . [T]he second step of our abuse of
> discretion test is to determine whether the trial court's
> application of the correct legal standard was (1)
> "illogical," (2) "implausible," or (3) without "support in
> inferences that may be drawn from the facts in the
> record."

*Id*. at 1261–62 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 577

(1985)).

Rule 608(b) allows specific instances of conduct of a witness to be inquired

2

into on cross-examination if probative of truthfulness or untruthfulness. Under this rule, prosecutors may cross-examine witnesses about documents so long as they do not enter the documents as extrinsic evidence. Under Rule 403, however, relevant evidence may be excluded if its "probative value is *substantially* outweighed by the danger of unfair prejudice." Fed. R. Evid. 403 (emphasis added). "Evidence of prior frauds is considered probative of the witness's character for truthfulness or untruthfulness" and admissible as prior conduct pursuant to Rule 608(b). *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992). Oriyomi signed his Social Security card applications, his petition for bankruptcy, and his tax returns under penalty of perjury, and thus they are evidence of his untruthfulness and were admissible on cross-examination pursuant to Rules 608(b) and 403.

Based on its extensive review of the filings of the parties and the arguments at the hearing, the district court properly weighed the probative value of the Rule 608(b) evidence against the danger of unfair prejudice to Oriyomi.

## II

Oriyomi also asserts that the district court erred in instructing the jury with regard to the "willfulness" element of the charge of failure to file a tax return. He further contends that there is no evidence in the record that he either earned enough to necessitate a tax return or that he knew what minimum income would require a

3

tax return to be filed.

"[I]f the Government proves actual knowledge of the pertinent legal duty, the prosecution, without more, has satisfied the knowledge component of the willfulness requirement." *Cheek v. United States*, 498 U.S. 192, 202 (1991). At trial, Oriyomi testified that he helped prepare tax returns for a medical supply company. Oriyomi further testified that he would have filed a tax return for 2004, but that he was hospitalized between April and August 2005. He also asserted on direct examination that "normally I would have filed because I had – *it's just something that I – that I know that I have to do*." (emphasis added). Because of Oriyomi's concession that he knew he had to file a tax return, any error in the district court's failure expressly to inform the jury that it must find he knew he had a legal duty to do so was harmless.

**AFFIRMED**.